IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**Andrea Cantrell**, as parent/guardian, and next
friend of **Sadie Cantrell**, a minor

    Plaintiff,

    v.                                                Civ. No. 11-044 BB/DJS

**Marianne K. Albasi,**

    Defendant.

## MEMORANDUM OPINION

    This diversity action arises out of an automobile accident that occurred in Kingman County, Arizona. In this motion, Andrea Cantrell, as parent and guardian of Sadie Cantrell, seeks to join Defendant Marianne K. Albasi's insurance carrier, Government Employees Insurance Company ("GEICO") as a party defendant pursuant to Fed. R. Civ. P. 20(a)(2). The motion turns on whether the governing law permits Cantrell to pursue a direct claim against GEICO in this negligence action. If so, joinder of GEICO would be appropriate.

### I. Background

    According to the Complaint, Sadie Cantrell is a minor child and resident of Bernalillo County, New Mexico. On January 14, 2008, Cantrell was a passenger in her mother's car. Cantrell was seated in a rear-facing, legally approved infant seat as the car made its way through Kingman County, Arizona.

    The car was side-swiped by a rental car driven by Albasi. The impact of the collision flipped Cantrells' car off the road. According to the Complaint, Albasi was driving in an unsafe manner. Indeed, Albasi was cited for numerous counts, including unsafe driving and driving under the influence of drugs and alcohol.

As a result of the accident, the Cantrells' vehicle suffered damages; valued at a minimum of $15,000. Andrea Cantrell also suffered a cracked rib and bruising to her mid-section. Albasi, through her insurance carrier GEICO, tendered a check to Andrea Cantrell for $33,000 – compensation for Andrea's personal injuries and the damages to the vehicle.

Sadie, however, has yet to receive compensation for her injuries. She allegedly suffered a concussion and has been diagnosed with post-concussion syndrome. She also suffers from tremors and seizure-like activity. According to the Complaint, these injuries, including physical pain and suffering, amount to at least $60,000 in damages. The Complaint also alleges medical expenses, both past and future, in excess of $30,000.

Andrea Cantrell, on behalf of her daughter, filed a negligence action in this Court based on diversity of citizenship[1] and an amount in controversy exceeding $75,000. 28 U.S.C. § 1332. The Complaint sets forth claims for negligence, negligence per se, and gross negligence. Cantrell made a number of attempts to serve Albasi with the Complaint. See Docs. 7, 8, 9, 10, 11, 14, 15 & 16. In addition to serving Albasi at her last known address in New Jersey, Cantrell also hired a licensed investigator for the sole purpose of locating and serving process on Albasi. Doc. 23. at p.2.[2]

Albasi was served at her last known place of abode in New Jersey. Since no Answer was timely filed, Cantrell moved for default judgment on the issue of liability. *Id.* Cantrell did not, however, seek default judgment as to a specific amount of damages. Doc. 24. Instead, Cantrell

---

[1] Defendant Albasi's last known residence was in New Jersey. There is thus complete diversity between the parties.

[2] Cantrell also corresponded with GEICO in an attempt to locate Albasi. Doc. 23, at p.2. GEICO, however, refused to provide any additional information. *Id.*

moved to join GEICO as a party defendant under Rule 20(a)(2) so that the case could proceed to a determination of damages. Doc. 28.

The Court granted the motion for default judgment on the issue of liability. Doc. 31. The Court found that Cantrell's attempts to serve Albasi complied with the Federal Rules of Civil Procedure and were also in accord with Rules of Civil Procedure of the State of New Jersey. *Id.* at p.1. The Court then instructed Cantrell to serve GEICO so that it could respond to Cantrell's motion for joinder. Doc. 32. GEICO has since submitted a response opposing joinder. Doc. 36. Cantrell has submitted a reply. Doc. 37.[3]

## II. Standard of Review

Rule 20(a)(2) imposes two requirements for the permissive joinder of defendants in a single lawsuit: (1) a right to relief must be asserted against each defendant relating to or arising out of the same transaction or occurrence or series of transactions or occurrences; and (2) some question of law or fact common to all parties must arise in the action. Fed. R. Civ. P. 20(a)(2). In addition to the two requirements specified in Rule 20(a)(2), the Court also considers whether joinder would prejudice any party or result in needless delay. *See Patrick Collins, Inc. v. John Does 1-15*, 2012 WL 415436, at *1 (D. Colo. Feb. 8, 2012).

## III. Discussion

Here, the parties do not dispute that some questions of law or fact are common to all the parties in the action. Nor do the parties argue that joinder of GEICO will result in prejudice or needless delay. Rather, the sole issue is whether Cantrell can assert a right to relief against

---

[3] The Court further notes Albasi has since submitted an Answer to the Complaint. Doc. 39. It would thus appear that Albasi has now been served and entered an appearance in the case. The effect, if any, of this belated appearance on the existing default judgment has yet to be raised by the parties or determined by the Court.

GEICO in this negligence action – the first requirement for permissive joinder under Rule 20(a)(2).

The parties agree that Arizona law does not provide Cantrell with a direct action against GEICO. Although the record does not contain a copy of the insurance contract, Arizona law has clearly rejected the proposition that an accident victim is an intended third party beneficiary of an insurance contract between the negligent party and his or her insurance carrier absent an assignment of rights. *See Maricopa County v. Barfield*, 75 P.3d 714, 717 (Ariz. App. 2003) ("Arizona follows the general rule that, in the absence of a contractual or statutory provision to the contrary, an injured person has no direct cause of action against a tortfeasor's insurance company.") (quotations omitted); *Nationwide Mut. Ins. Co. v. AHCCCS*, 803 P.2d 925, 928 (Ariz. App. 1990). Thus, under Arizona law, only *after* recovering a judgment against an insured may the accident victim then pursue the insurance carrier for payment of the judgment under the insurance contract, a process that may entail filing a separate garnishment proceeding against the liability insurer. *See Sandoval v. Chenoweth*, 428 P.2d 98, 102 (Ariz. 1967); *Falcon v. Beverly Hills Mortg. Corp.*, 815 P.2d 896, 898 (Ariz. 1991); *Ring v. State Farm Mut. Auto Ins. Co.*, 708 P.2d 457 (Ariz. App. 1985).

While New Mexico follows the same general rule, it recognizes an important exception: "when a defendant who is compelled by the [Mandatory Financial Responsibility] Act to maintain automobile liability insurance is sued, the defendant's insurer is a proper party to the lawsuit." *Martinez v. Reid*, 46 P.3d 1237, 1240 (N.M. 2002) (citing *Raskob v. Sanchez*, 970 P.2d 580, 582 (N.M. 1998); *Breeden v.* Wilson, 273 P.2d 376, 378 (1954); *England v. N.M. State Highway Comm'n*, 575 P.2d 96, 99 (1978). According to this line of New Mexico cases, Cantrell can join GEICO as a party defendant in the instant negligence action against Albasi. As such,

under New Mexico law, Cantrell need not wait for a final judgment against GEICO before she can file an action against it to recover the amount of damages awarded in the underlying negligence action.

Thus presented, whether GEICO may be joined as a party defendant under Rule 20(a)(2) turns on whether Arizona or New Mexico law governs. To answer this issue, the Court must first determine whether New Mexico's law regarding direct actions against an insurance carrier is substantive or procedural. *See Estate of Gilmore*, 946 P.2d 1130, 1133 (N.M. App. 1997); *Valencia v. Colorado Cas. Ins. Co.*, 2007 WL 5685148, at * 11 (D.N.M. Dec. 6, 2007).

**A. Substantive vs. Procedural**

It is well-established that the law of the forum state applies in matters involving procedure. *Estate of Gilmore*, 946 P.2d at 1133 (quoting *Sierra Life Ins. Co. v. First Nat'l Life Ins. Co.*, 512 P.2d 1245, 1249 (1973)); Restatement of Conflict of Laws § 585 (1934) ("All matters of procedure are governed by the law of the forum.") (Restatement First). New Mexico has yet, however, to decide whether *Raskob* decided a matter of substance or procedure. The Court must therefore determine how the New Mexico Supreme Court, if given the opportunity, would view its decision in *Raskob*. *See F.D.I.C. v. Schuchmann*, 235 F.3d 1217, 1225 (10th Cir. 2000) ("In the absence of New Mexico law directly on point, we attempt to predict how New Mexico's highest court would rule.").

Cantrell argues that *Raskob* merely announced a procedural rule regarding permissive joinder of parties to a negligence action. Put another way, Cantrell argues that *Raskob* did not announce a new cause of action; rather, it simply provided an injured plaintiff with a method of successful recovery against an insurance carrier. This Court agrees.

5

*Raskob* was decided against the backdrop of New Mexico's general rule that an injured party has no direct claim against an insurance company. *Raskob*, 970 P.2d at 581 (citing 7 Lee R. Russ with Thomas F. Segalla, Couch on Insurance 3d § 104:2, at 104-10 to -12 (1997)). Prior to *Raskob*, an injured accident victim effectively had to proceed through a civil trial against a tortfeasor, obtain a judgment, and then endure another long period during "which any disputes between the tortfeasor and the insurer are resolved and any processing of the insured's claim takes place before collecting any compensation." 7A Lee R. Russ with Thomas F. Segalla, Couch on Insurance 3d §104:1 (2011).

*Raskob* put an end to this lengthy process by permitting an injured accident victim to join the insurance carrier in the underlying negligence action. In support of this break from New Mexico's general rule, the *Raskob* court explained that the Mandatory Financial Responsibility Act (MFRA) requires automobile insurance for the benefit of the general public, rather than merely for the protection of the individual insured. *See Raskob*, 970 P.2d at 581. Permitting injured plaintiffs to join the tortfeasor's insurance carrier fulfilled the purpose of the MFRA by ensuring efficient prompt compensation of automobile accident victims.

Crucially, though, *Raskob* did not impose any additional liability on the insurance carrier. That is, *Raskob* did not provide an injured accident victim with an additional claim against an insurance carrier.[4] The New Mexico Supreme Court made this point crystal clear in *Martinez v. Reid*, 46 P.3d 1237 (N.M. 2002), explaining: "The term 'direct action' may be misleading, because these cases [*Raskob*, *Breeden*, and *England*] generally envision joinder of the insurance

---

[4]*Hovet v. Allstate Insurance Co.*, 89 P.3d 69 (N.M. 2004), discussed *infra* at Section III.B., discusses an injured third party's direct claim against an insurance carrier for engaging in unfair and deceptive practices, e.g., failing to attempt to settle a claim in good faith. *Id.* at 71.

company along with the alleged tortfeasor; that is, the plaintiff could not proceed against the insurer alone." *Id.* at 1240.  It is thus clear that neither *Raskob* nor its progeny created a separate, direct action against an insurance carrier.  They did not provide an injured plaintiff with "an immediate suit against the insurer alone." *Lopez*, 25 P.2d at 814.  Rather, the cases merely provide the injured plaintiff with a procedural shortcut – a means of joining the insurance company in the underlying negligence action.  Thus, after securing a judgment against the tortfeasor, an injured plaintiff no longer need endure the unnecessary delay of filing a separate action to recover against the insurance carrier (assuming the insurance carrier refuses to pay the judgment).  In this light, the Court concludes that *Raskob* effectuates a procedural rule for permissive joinder of insurance carriers in the underlying negligence action.

The Missouri Supreme Court's decision in *Noe v. United States Fidelity and Guaranty Co.*, 406 S.W.2d 666 (Mo. 1966), provides support for the view that *Raskob's* rationale is pointed at only procedural matters.  In *Noe*, the court was presented with the issue of whether Louisiana's direct-action statute was procedural or substantive.  Even though the statute clearly provided a cause of action against a tortfeasor's insurer, the Missouri Supreme Court keenly observed that the statute does not impose additional liability on the insurer.

> [I]t does not in express terms impose liability on or create a new cause of action against the insurer.  Instead, it purports to create a method or procedure for enforcing in the courts of [Louisiana] the cause of action which came into being by the tortious act of the insured."

*Id.* at 668.  Viewed this way, the court concluded that Louisiana's direct-action statute was merely designed to create a procedural remedy based on the underlying liability of the insured. *Id.* at 668.  For the same or similar reasons, other courts have found direct-action statutes procedural.  *See Moore v. United Servs. Auto. Ass'n*, 808 F.2d 1147, 1154 (5th Cir. 1987) ("The

7

right to maintain a direct action against an insurer based upon the negligence of its insured is considered a remedial right and is, therefore, governed by the law of the forum."); *see also Kirtland v. Tri–State Ins. Co.*, 556 P.2d 199, 202 (Kan. 1976) ("The power to sue the insurance company directly is only a statutory remedy designed to assist the injured party in effectuating a successful recovery when liability is established.").

In like manner, *Raskob* merely provides injured plaintiffs with a procedural remedy against a tortfeasor's insurance carriers. *Raskob* does not impose additional liability on insurance carriers, such as direct liability for failing to settle a claim. Rather, just like Louisiana's direct-action statute, *Raskob* provides injured accident victims with a mechanism for joining insurance carriers in the underlying lawsuit. Once the injured plaintiff establishes the underlying liability of the insured and the amount of damages, she may then proceed against the insurance carrier for the amount of the judgment under the insurance policy. This is but a shorter path to recovery than what is required under Arizona law – namely the filing of a negligence action against a tortfeasor, followed by judgment against the tortfeasor and then a subsequent garnishment proceeding against the insurer. *See, e.g.*, *Sandoval*, 428 P.2d at 102; *Falcon*, 815 P.2d at 898; *Ring*, 708 P.2d at 457. In line with *Noe* and analogous decisions from other jurisdictions, then, the Court is convinced that the New Mexico Supreme Court would view *Raskob* as addressing procedural matters.

Nor is the Court persuaded by the minority of cases reaching a different conclusion. For example, in *Richards v. Select Insurance Co., Inc.*, 40 F. Supp. 2d 163 (S.D.N.Y. 1999), the Southern District of New York held that New York's direct-action statute was substantive because "it creates a cause of action on behalf of the injured party against the insurer in derogation of common law." *Id.* at 167-68. So, too, in *Oltarch v. Aetna Insurance Co.*, 256

N.Y.S.2d 577, 580 (N.Y. App. 1965), the Court of Appeals for New York viewed Puerto Rico's direct-action statute as substantive insofar as it "created a separate and distinct right of action against the insurer where no such right had previously existed and thus effected a radical change in the rights accorded injured persons." Arguably, in a similar manner, *Raskob* effected a clear break from New Mexico's general rule prohibiting direct actions against insurance carriers. *See Raskob*, 970 P.2d at 581. Importantly, though, *Raskob* did not create a separate cause of action against the insurance carrier; it merely provided a procedural mechanism for the injured plaintiff to pursue compensation against the insurance carrier. The decision merely shortened the legal process. In this way, *Raskob* created a new procedural rule, not what could be deemed a new right of action.

In sum, then, because *Raskob* addresses procedural matters, it applies as the procedural law of the forum state. *Estate of Gilmore*, 946 P.2d at 1133. Accordingly, the Court concludes that GEICO may be joined in this case pursuant to Rule 20(a)(2). *Raskob*, 970 P.2d at 518; *Breeden*, 273 P.2d at 378.

**B.** *Hovet v. Allstate Insurance Co.*

Even though New Mexico law applies, GEICO argues that Plaintiff cannot maintain a direct action against it in the absence of Albasi. In support of this position, GEICO cites *Hovet v. Allstate Insurance Co.*, 89 P.3d 69 (N.M. 2004). There, the New Mexico Supreme Court analyzed a third party's claim against an insurance carrier for engaging in unfair and deceptive practices, namely, failing to attempt to settle a claim in good faith. *Id.* at 71. While the court recognized such a third-party claim, it imposed a number of preconditions on such a claim and, in particular, the requirement that such bad-faith claims be stayed until the underlying negligence

action is resolved. *Id.* at 76. Here, GEICO claims that Cantrell has failed to satisfy these preconditions; thus, it cannot yet assert a claim against GEICO under *Hovet*.

This argument is irrelevant to the instant case. Cantrell, unlike the plaintiff in *Hovet*, is not suing GEICO for failing to settle an insurance claim in violation of the Trade Practices and Fraud Article of the Insurance Code. Rather, Cantrell has asserted a direct claim against Albasi's insurance carrier under New Mexico's Mandatory Financial Responsibility Act, NMSA § 66-5-201 *et seq*. Under *Raskob*, 970 P.2d at 582, Cantrell can bring such a claim against GEICO. What is more, Cantrell may proceed with her action against GEICO despite the absence of Albasi who was subject to a default judgment. *See Gallegos v. Nevada General Ins. Co.*, 248 P.3d 912 (N.M. App. 2011) (permitting an injured plaintiff to proceed against a tortfeasor's insurance carrier despite the absence of the defendant tortfeasor who was subject to a default judgment).[5]

**C. Statute of Limitations Issue**

GEICO briefly argues that joinder is futile because this case is barred by Arizona's two-year statute of limitations. A.R.S. § 12-542. Statutes of limitation are, however, procedural in nature. *See Sierra Life Ins. Co.*, 512 P.2d at 1249; *see also Sun Oil Co. v. Wortman*, 486 U.S. 717, 729 (1988). New Mexico's, not Arizona's, statute of limitations thus governs the time frame for the filing of the instant negligence action against Albasi. Under New Mexico law, the statute of limitations for injuries to persons is three years, not two years. N.M.S.A. 1978, § 37-1-8. Because the instant action was brought within three years of the accident, it is not barred by New Mexico's statute of limitations.

---

[5] Again the Court notes Albasi has now entered an appearance so the question may be moot.

## IV. Conclusion

For the foregoing reasons, the motion to join GEICO is hereby granted.

Dated this 23rd day of August, 2012.

_____
BRUCE D. BLACK
UNITED STATES DISTRICT JUDGE.