IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ANDREA CANTRELL, AS
PARENT/GUARDIAN, AND NEXT FRIEND
OF SADIE CANTRELL, A MINOR,

      Plaintiff,

           v.                                11-CV-00044 KG/SMV

MARIANNE K. ALBASI,

      Defendant.

MEMORANDUM OPINION AND ORDER

On January 13, 2011, Plaintiff Andrea Cantrell (the Plaintiff), as parent/guardian, and next of friend of Sadie Cantrell, a minor, filed a Complaint for Damages, Negligence, and for Personal Injury (Diversity Jurisdiction) (Doc. 1) (Complaint). The Complaint lists Marianne K. Albasi as the lone defendant. On December 8, 2011, the Plaintiff filed Motion and Brief to Join GEICO Insurance as a Party Defendant (Doc. 28) (Motion to Join GEICO). On April 6, 2012, the Honorable United States District Judge Bruce D. Black, Chief Judge at the time, filed an Order instructing the Plaintiff to give Government Employees Insurance Company (GEICO) notice of the Motion to Join GEICO within fourteen days (Doc. 32). On April 12, 2012, the Plaintiff filed a Notice and Certificate of Service (Doc. 33) indicating that the Plaintiff sent GEICO a copy of the Complaint and the Motion to Join GEICO, amongst other things. On August 23, 2012, Judge Black granted the Motion to Join GEICO. *See* Memorandum Opinion (Doc. 41) and Order (Doc. 42). On January 29, 2013, the Plaintiff filed Motion for Default Judgment Against the Defendant GEICO (Doc. 48) (Motion for Default Judgment). GEICO opposes the Motion for Default

Judgment. *See* Response to Plaintiff's Motion and Brief for Default as to GEICO (Doc. 51), filed Feb. 14, 2013. On April 3, 2013, the Plaintiff filed in error an Amended Complaint for Damages, Negligence and for Personal Injury (Diversity Jurisdiction) (Doc. 61) against GEICO and Albasi.

The Plaintiff moves for a default judgment against GEICO for failure to answer the complaint or to serve a motion under Fed. R. Civ. P. 12(b). Federal Rule of Civil Procedure 55(b) sets out a two-step process for a party seeking a default judgment. First, the party must obtain the Clerk's entry of default against the opposing party. This is accomplished by notifying the Court through an affidavit or otherwise that the opposing party has failed to plead or defend the lawsuit. Fed. R. Civ. P. 55(a). The party against whom default is entered must have been properly served with process. Second, the party must actually move the Court to enter the default judgment. Fed. R. Civ. P. 55(b)(2). The trial court is vested with broad discretion in deciding whether to enter a default judgment. *See Grandbouche v. Clancy*, 825 F.2d 1463, 1468 (10th Cir. 1987).

The Plaintiff's Motion for Default Judgment is deficient for several reasons. First, the Plaintiff has not obtained the Clerk's entry of default against GEICO. Second, the Plaintiff has served GEICO only with the Complaint, which does not list GEICO as a defendant. The Plaintiff has failed to effect proper service of process on GEICO by serving GEICO with an amended complaint naming it as a party and a summons. *See* Fed.R.Civ.P. 4(a), (b), (d), (e). Without properly being served, GEICO has no obligation to file an answer or serve a motion under Fed. R. Civ. P. 12(b) and a default judgment is not proper. *See, e.g., Norsyn, Inc. v. Desai*, 351 F.3d 825, 830 (8th Cir.2003) (court did not abuse its discretion in denying plaintiff's motion for default judgment where defendants were never properly served, and thus had no obligation to file answer).

IT IS ORDERED that Plaintiff Andrea Cantrell's Motion for Default Judgment Against the Defendant GEICO (Doc. 48) is denied.

_____
UNITED STATES DISTRICT JUDGE