IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ANDREA CANTRELL, AS
PARENT/GUARDIAN, AND NEXT FRIEND
OF SADIE CANTRELL, A MINOR,

    Plaintiff,

        v.                                            11-CV-00044 KG/SMV

MARIANNE K. ALBASI,

    Defendant.

MEMORANDUM OPINION AND ORDER

        On January 13, 2011, Plaintiff Andrea Cantrell (the Plaintiff), as parent/guardian, and next of friend of Sadie Cantrell, a minor, filed a Complaint for Damages, Negligence and for Personal Injury (Diversity Jurisdiction) (Doc. 1) (Complaint). On October 20, 2011, the Plaintiff filed an Amended Motion for an Order Determining that Proper Service has been Made Upon the Defendant Marianne K. Albasi or in the Alternative to Allow Any Further Service be Made by Regular Mail and Receipted U.S.P.S. Mail/Courier and or by Publication and that Judgment on Liability be Entered by Default (Doc. 22) (Motion for Default Judgment). The Honorable United States District Court Judge Bruce D. Black, Chief Judge at the time, granted the Motion for Default Judgment. *See* Order Judging the Defendant Albasi in Default and to Have Served in Accord with the Law Subject to the Jurisdiction of Personal Jurisdiction of this Court on the Issue of Liability (Doc. 31), filed Feb. 29, 2012.

        On February 14, 2013, Defendant Marianne K. Albasi (the Defendant) filed a Motion to Set Aside Default (Doc. 53). On March 19, 2013, the Defendant filed a Notice of Completion of

Briefing on the Motion to Set Aside the Default Entered Against Defendant Albasi (Doc. 54) (Notice of Completion of Briefing). On March 22, 2013, the Plaintiff filed a Motion for Extension of Time to Respond to Motion to Set Aside Default Judgment (Doc. 58) (Motion for Extension). The Defendant opposes the Motion for Extension. *See* Response to Plaintiff's Motion for Extension of Time to Respond to Motion to Set Aside Default Judgment (Doc. 60) (Response), filed Mar. 26, 2013. The Plaintiff filed a reply on April 8, 2013. *See* Reply in Support of Platiniff's [*sic*] Motion for Extension of Time to Respond to Motion to Set Aside Default (Doc. 63). For the following reasons, the Plaintiff's Motion for Extension is denied.

*A. Background*

The Plaintiff is represented by two attorneys, Jennie Behles of the Behles Law Firm and Les Sandoval of The Law Office of Les W. Sandoval. The Defendant is represented by Daniel Ulibarri. On the last page of the Motion to Set Aside Default, Mr. Ulibarri certifies that a copy of the motion was electronically served upon Ms. Behles and Mr. Sandoval through the Case Management/Electronic Case Files (CM/ECF) system. According to the electronic receipt posted on the CM/ECF system, the Motion to Set Aside Default was emailed to Ms. Behles at two Behles Law Firm email addresses and emailed to Mr. Sandoval at his Hotmail email address.

Ms. Behles asserts that she did not receive electronic notification of the Motion to Set Aside Default. According to Ms. Behles, the Behles Law Firm's computers rout incoming emails from the CM/ECF system into a separate folder within its inbox, and that Ms. Behles and her employees keep a log to show that the folder is checked daily. Motion for Extension at ¶ 4. Ms. Behles provides a photocopy of a calendar for the week of February 11, 2013, in which CM/ECF is written each day with a check mark next to it, presumably to indicate someone checked the CM/ECF inbox on that day. *See* Ex. A (attached to Motion for Extension). Ms. Behles claims that, "[f]or reasons that have not been determined," her law office did not receive the Motion to

2

Set Aside Default through the CM/ECF system. However, as noted in the Response, Ms. Behles does not provide an affidavit of anyone who checked the CM/ECF inbox stating that the Behles Law Firm did not receive the Motion to Set Aside Default. Ms. Behles claims that she only learned of the Motion to Set Aside Default when she received electronic service of the Notice of Completion of Briefing.

In contrast, Mr. Sandoval does not argue that the CM/ECF system failed to serve him with the Motion to Set Aside Default. Rather, Mr. Sandoval asserts that he was either out of his office or only briefly in his office between February 14, 2013 and February 20, 2013 for the following reasons: attending a trial in Gallup, New Mexico on February 14, 2013; attending a trial in Sandoval County, New Mexico on February 15, 2013; out of the office for the weekend on February 16 and 17, 2013; attending a settlement conference in Alamogordo, New Mexico on February 18, 2013; and attending to a family medical emergency on February 19 and 20, 2013. *See* Ex. A. Because of his absence, Mr. Sandoval asserts that he "therefore also failed to receive the Motion to Set Aside Default." Motion for Extension at ¶ 13. Because Ms. Behles and Mr. Sandoval claim that they did not receive the Motion to Set Aside Default, they move for an extension of time to respond to the Motion to Set Aside Default.

*B. Discussion*

The District of New Mexico Local Rules of Civil Procedure mandate that a party must file a response to a motion "within fourteen (14) calendar days." D.N.M. LR-Civ. 7.4(a). The Local Rules further state that the fourteen day time period is computed in accordance with Fed. R. Civ. P. 6(a) and (d). *Id.* Fed. R. Civ. P. 6(b) states:

> (1) *In General*. When an act may or must be done within a specified time, the court may, for good cause, extend the time:
> (A) with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires; or

>    (B) on motion made after the time has expired if the party failed to act because of *excusable neglect*.

(emphasis added).

The Defendant filed the Motion to Set Aside Default on February 14, 2013. Pursuant to Fed. R. Civ. P. 6(a) and (d), the Plaintiff had until February 28, 2013 to file a response or a motion to extend the time to file a response. The Plaintiff did not file a response and filed the Motion for Extension on March 22, 2013, after the time to respond expired. Thus, in accord with Fed. R. Civ. P. 6(b)(1)(B), the Court may extend the time to file a response if it finds that the Plaintiff failed to act because of excusable neglect.

"A finding of excusable neglect under Rule 6(b)[ ]requires both a demonstration of good faith by the parties seeking the enlargement and also it must appear that there was a reasonable basis for not complying within the specified period." *In re Four Seasons Sec. Laws Litig.*, 493 F.2d 1288, 1290 (10th Cir. 1974). "[I]t is clear that 'excusable neglect' under Rule 6(b) is a somewhat elastic concept and is not limited strictly to omissions caused by circumstances beyond the control of the movant." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 392 (1993) (internal quotations omitted). Relevant factors in determining whether a party has failed to act because of excusable neglect include: (1) "the danger of prejudice to the [opposing party];" (2) "the length of the delay and its potential impact on judicial proceedings;" (3) "the reason for the delay, including whether it was within the reasonable control of the movant;" and (4) "whether the movant acted in good faith." *Jennings v. Rivers*, 394 F.3d 850, 857 (10th Cir. 2005) (citation omitted). Whether to allow or refuse to consider an untimely filed document is in the court's discretion. *See id.*

1. *Prejudice to the non-moving party*

Neither party in this case discusses whether the Defendant would be prejudiced by granting the Motion for Extension. Considering the procedural posture of this case, it appears unlikely that Alabasi would be prejudiced by having to defend her Motion to Set Aside Default. This factor weighs in favor of granting the Motion for Extension.

2. *Length of delay and its impact on judicial proceedings*

The Plaintiff's response to the Motion to Set Aside Default was due on February 28, 2013. On March 22, 2013, the Plaintiff filed the Motion for Extension. The length of delay in filing the Motion for Extension, therefore, was roughly twenty-two days. Longer delays have been held to weigh in favor of the party moving for the extension of time. *See Alsbrooks v. Collecto, Inc.*, 2010 WL 4067145 *2 (D.Kan.) (slip op.) (twenty-eight day delay weighed in favor of party moving for motion for extension of time); *Welch v. Centex Home Equity Co., L.L.C.*, 2004 WL 2348295 * 1 (D.Kan.) (slip op.) (delay of two months held to be "relatively innocuous"). In addition, considering that this case was filed in early 2011 and the Court has not set a date for trial, the length of delay will have a minimal impact on the judicial proceedings. The length of delay and the impact on the judicial proceedings weigh in favor of granting the Motion for Extension.

3. *Reason for the delay*

The reason for delay is "perhaps the most important single factor-in determining whether neglect is excusable." *United States v. Torres*, 372 F.3d 1159, 1163 (10th Cir.2004). Additionally, a party must allege specific facts to show excusable neglect. *Quigley v. Rosenthal*, 427 F.3d 1232, 1238 (10th Cir. 2005); *see also Potter v. Health Care Auth.*, 2006 WL 580986

*4–6 (D.Kan.) (slip op.) (holding that movant's failure to provide explanation as to why he failed to respond to motion weighs against movant's claim of excusable neglect).

Ms. Behles argues that she did not respond to the Motion to Set Aside Default because she did not receive a copy of the Motion to Set Aside Default through the CM/ECF system. The electronic receipt posted on the CM/ECF system, however, indicates that an email containing the Motion to Set Aside Default was sent to two email addresses at the Behles Law Firm. There is a presumption of delivery and receipt of emails sent by the CM/ECF system in the absence of reliable evidence to the contrary. *See American Boat Co., Inc. v. Unknown Sunken Barge*, 567 F.3d 348, 350 (8th Cir.2009); *Am. Boat Co., Inc. v. Unknown Sunken Barge,* 418 F.3d 910, 913-14 (8th Cir.2005). Applied to this case, Ms. Behles has failed to overcome the presumption that the CM/ECF system delivered the Motion to Set Aside Default. All Ms. Behles provided was her unsworn assertion that she did not receive the CM/ECF email and an unauthenticated office log of email receipts. *See Am. Boat Co., Inc.*, 418 F.3d at 913-14 (appellants made sufficient showing to be entitled to evidentiary hearing on issue of whether they adequately rebutted presumption when they filed affidavits of three attorneys stating they did not receive notice via e-mail, an affidavit of attorney's assistant stating she did not receive notice, and a printout of assistant's inbox showing she did not receive e-mail notification).

Mr. Sandoval's reason for not receiving the Motion to Set Aside Default is unclear. It is unknown whether Mr. Sandoval was unaware of the Motion to Set Aside Default because of his busy schedule or whether he was aware of the Motion to Set Aside Default and failed to take any action because of his busy schedule. From reading the briefs and Mr. Sandoval's affidavit, the Court can safely assume that Mr. Sandoval is claiming that his busy work schedule, for one reason or another, largely caused his failure to respond to the Motion to Set Aside Default.

Excusable neglect is not present merely because counsel misses a deadline because of a heavy caseload. *See Ghamrawi v. Case & Assocs. Props. Inc.*, 116 Fed. Appx. 206, 210 (10th Cir.2004); *McLaughlin v. City of LaGrange*, 662 F.2d 1385, 1387 (11th Cir.1981) ("The fact that counsel has a busy practice does not establish excusable neglect under Rule 6(b)(2)."). Additionally, Mr. Sandoval fails to provide a reasonable basis for not filing a response between February 21, 2013, when he presumably returned to his normal work schedule, and February 28, 2013, the date the response was due. This constitutes a failure to allege specific facts regarding his reason for failing to respond. In sum, the third factor weighs against the Court granting the Motion for Extension.[1]

   4. *Good Faith*

Finally, the last factor is whether the movant acted in good faith. The Defendant presents no evidence that Ms. Behles or her co-counsel moved for an extension of time or failed to file a response in bad faith. Ms. Behles presents unauthenticated evidence that her law firm made a good faith effort to check their email for EC/CMF notifications. Mr. Sandoval does not provide a clear reason for why he failed to file a timely response. It is unclear whether Ms. Behles and Mr. Sandoval acted in good faith, and therefore this factor is neutral. *See Alsbrooks*, 2010 WL 4067145, at *3 ("Absent a finding of good or bad faith, this factor is neutral.").

An analysis of the previous factors shows that the Defendant likely would not be prejudiced by the Plaintiff's delay in filing a response to the Motion to Set Aside Default and the length of the delay in filing the Motion for Extension was not excessive and likely would have a minimal impact on the judicial proceedings. Moreover, the good faith factor is simply neutral.

---

[1] It is worth noting at this juncture that the Plaintiff previously has failed to follow clearly established rules and procedures without articulating any justification or acceptable reasoning. *See* Memorandum Opinion and Order (Doc. 67).

However, the Court finds that Ms. Behles failure to overcome the presumption that her law firm received the Motion to Set Aside Default weighs against granting the Motion for Extension. Additionally, Mr. Sandoval's failure to provide a reason for the delay and the implications that the delay was caused by his busy case load also weighs against granting an extension of time. Finally, Mr. Sandoval's lack of an explanation for why he failed to file a response after returning to his normal schedule also weighs against granting the Motion for Extension. Because of the heavy emphasis that is placed on the reason for the delay, the Court concludes that the factors weigh in favor of denying the Motion for Extension.

IT IS ORDERED that Plaintiff Andrea Cantrell's Motion for Extension of Time to Respond to Motion to Set Aside Default Judgment (Doc. 58) is denied.

_____
UNITED STATES DISTRICT JUDGE